IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARMELITA M. DESIDARIO,
Personal Representative of the
Estate of PHILLIP R. CURLEY, deceased,

   Plaintiff,

v.              No. 1:23-cv-00057-SCY-KRS

UNITED STATES OF AMERICA;
JANELLE D. JONES, M.D.; and
JOY G. HARRISON, M.D.,

   Defendants.

**ORDER DENYING WITHOUT PREJUDICE**
**MOTION FOR SERVICE BY PUBLICATION**

THIS MATTER is before the Court on Plaintiff's Motion for Order Authorizing Service by Publication, (Doc. 18), filed April 14, 2023. Plaintiff seeks to serve Defendant Joy G. Harrison, M.D., by publication pursuant to Fed. R. Civ. P. 4(e)(1) and NMRA, Rule 1-004(J). Having considered the Motion, record of the case, and relevant law, the Court denies the Motion without prejudice.

Plaintiff states she attempted to find contact information for Defendant Harrison at her last known place of employment in Deming, New Mexico, and was told that Defendant Harrison has not worked there for a few years and the employer had no forwarding address. (Doc. 18) at 1. A process serving company discovered a possible residence for Defendant Harrison in Brooklyn, New York, and spoke to two individuals who advised that Defendant Harrison did not live at that address. The company discovered another possible residence in Oyster Bay, New York, but was told no one with Defendant Harrison's name was at that address. *Id.* at 2. Plaintiff states "[t]he above attempts at personal service are attested to in the affidavits of Jack

Rakowski, Luis Arriaga, and Richard Schultz of [Same Day Process Service], which are attached as Exhibit A;" however no affidavits are attached to the Motion or filed on the docket. *Id.*

Federal Rule of Civil Procedure 4(e) authorizes several procedures for effecting process on any competent adult individual found within the United States. The Rule provides that service may be effected in any manner specifically authorized by federal law for service, including: under the waiver of service provisions of Rule 4(d); by personally delivering the summons and complaint to the individual being served; by leaving the summons and complaint at the individual's dwelling house or usual place of abode with a person of suitable age and discretion; or by delivering the summons and complaint by an agent appointed by the individual to receive service.

While Rule 4(e) does not specifically provide for service by publication, Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). New Mexico Rule of Civil Procedure 1-004(J) allows service by publication in limited circumstances:

> Upon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule, the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.

NMRA, Rule 1-004(J). In addition, Rule 1-004(K) requires that a "copy of the proposed notice to be published shall be attached to the motion," "[s]ervice by publication shall be made once each week for three consecutive weeks unless the court for good cause shown orders otherwise," and publication of notice of the pendency of the action must be "in a newspaper of general

circulation in the county where the action is pending" and "in a newspaper of general circulation in the county which reasonably appears is most likely to give the defendant notice of the action." NMRA, Rule 1-004(K)(1); *see also* Rule 1-004(K)(2)(a)-(d) (providing requirements for information to be included in the notice of the pendency of the action).

Here, although Plaintiff states that an affidavit was filed with the Motion, no affidavit is attached. Also, Plaintiff did not attach a copy of the proposed notice and does not state in which newspapers she plans to publish the notice, as required by Rule 1-004(K). For these reasons, the Court will deny Plaintiff's Motion without prejudice and with leave to file a renewed motion that complies with Rules 1-004(J) and (K). A renewed motion for service by publication must also show that Plaintiff carefully followed the procedural steps outlined in Rule 1-004(F) for service of process upon on individual. *See Buffalo Hogan, Inc. v. Greene*, 2017 WL 3608243, at *3 (D.N.M.) ("In determining whether to permit service by publication, … service must be attempted through the hierarchy of mechanisms set out under Rule 1-004(F), and [] a plaintiff must demonstrate that this hierarchy was followed in detail, although the attempts were unsuccessful.") (citation and brackets omitted). In addition, a renewed motion for service by publication must address the general rule in New Mexico that service by publication is limited to in rem or quasi in rem actions, unless the plaintiff shows that "the defendant, being aware that [a] civil action may be instituted against him, attempts to conceal himself to avoid service of process." *Clark v. LeBlanc*, 1979-NMSC-034, ¶ 7, 593 P. 2d 1075, 1076; *Buffalo Hogan, Inc.*, 2017 WL 3608243, at *2; *see also T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 2017-NMSC-004, ¶ 31, 388 P.3d 240, 249 (explaining that service by publication is "a last resort," proper "if and only if the names and addresses of the defendants to be served are not reasonably ascertainable") (citations omitted).

Under Federal Rule of Civil Procedure 4(m), service of the complaint and summons must be effectuated within 90 days after the complaint is filed, unless Plaintiff can demonstrate good cause that this deadline should be extended. Here, Plaintiff filed her Complaint on January 20, 2023, so Plaintiff is required to serve Defendant Harrison by April 20, 2023. Based on Plaintiff's Motion for Service by Publication, the Court finds that Plaintiff's efforts to serve Defendant Harrison are sufficient to demonstrate good cause for an extension of this deadline. Therefore, the Court will allow Plaintiff an additional sixty (60) days from the date of the filing of this Order to effect service on Defendant Harrison and provide proof of such service to the Court. After that time has elapsed, failure to serve Defendant Harrison and provide the Court with evidence of service may result in dismissal of Plaintiff's claims against Defendant Harrison without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Order Authorizing Service by Publication, (Doc. 18), is DENIED without prejudice as set forth above.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STAGES MAGISTRATE JUDGE